```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JOSEPH BRADSHAW,              )      CIVIL ACTION NO.
     Petitioner,              )      05-12136-DPW
                              )
          v.                  )
                              )
UNITED STATES OF AMERICA,     )
     Defendant.               )


----------------------------------------------------------------

UNITED STATES OF AMERICA      )      CRIMINAL NO. 96-l0032-DPW
                              )
          v.                  )
                              )
JOSEPH BRADSHAW               )
```

                    MEMORANDUM AND ORDER
                      October 28, 2005

The petitioner in this proceeding previously sought <u>habeas corpus</u> relief from his criminal conviction in two separate cases: Civil Action Nos. 03-12272-DPW and 03-12324-DPW.  By a joint Memorandum and Order dated July 16, 2004, I denied that relief and later, by a Memorandum and Order dated June 3, 2005, declined to issue certificates of appealability.  Those cases are now pending in the Court of Appeals, First Cir. Nos. 05-2281 and 05-2196, where the petitioner is seeking certificates of appealability.  Petitioner styles the instant request for relief as a "Motion for a New Trial and Production of Withheld Brady Material" and filed it in the underlying criminal case, Crim. No. 96-10032-DPW.

My general review of the substantive claims mounted in this rambling and unfocused motion suggests that even if the petitioner had followed appropriate procedures I would find claims to be without merit. But I may not reach the merits because the petitioner is barred from raising the claims in this Court.

While the petitioner styles the motion as one for new trial, a new trial motion under Fed. R. Crim. P. 33 alleging new evidence must be filed within three years after the verdict. The verdict in this case was returned on April 27, 2000. The instant motion was filed in this court some five years later, well past the new trial motion limitations period.

Moreover, the petitioner's operative pleading does not appear fairly to be classifiable as a new trial motion. The petitioner's motion is in substance one raising claims for relief--reversal of his conviction and dismissal of the indictment--which must be sought under the procedures for collateral attack on federal convictions Congress established through 28 U.S.C. § 2255. <u>Cf.</u> <u>Gonzalez v. Crosby</u>, 125 U.S. 2641 (2005). Accordingly, I instructed the clerk to open a new § 2255 docket for the proceeding. Of course, the claims are untimely in that form as well. The defendant's conviction became final on December 2, 2002, when the Supreme Court denied certiorari as to the underlying criminal case. The defendant then had one year in which to mount a motion to vacate, correct or set aside his

sentence under § 2255.  He earlier did so in a timely fashion and, as I have noted, those cases are pending in the Court of Appeals.  But this case is untimely under § 2255.

The instant successive petition is barred not merely as untimely, in that it is brought more than one year after the conviction became final, but also because it is repetitive.  Successive petitions such as this must be preceded by an application for authorization by the Court of Appeals pursuant to Local Rule 22.2 of the United States Court of Appeals for the First Circuit.  The defendant's failure to obtain such authorization provides a separate and independent grounds for dismissing the instant request for relief.

The clerk is hereby directed to DISMISS this case.


/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE